UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEVIN OLIVER,

                Plaintiff,

- against -

OFFICER JARED TEPPERMAN, Shield #
937618; SERGEANT GAVIN, Shield # 897538;
NEW YORK CITY POLICE DEPARTMENT,

                Defendants.
----------------------------------------------------------X
MAUSKOPF, United States District Judge.

MEMORANDUM & ORDER
08-CV-3685 (RRM) (LB)

*Pro se* Plaintiff Kevin Oliver commenced this civil rights suit seeking money damages pursuant to 42 U.S.C. § 1983. The actions complained of relate to the facts and circumstances of Oliver's September 2005 arrest and subsequent conviction by plea of guilty on October 30, 2007. In connection with that conviction, Oliver was sentenced to a one-to-three year term, which he is currently serving at the Cape Vincent Correctional Facility, New York.

By this § 1983 action, Oliver alleges, among other things, that his arrest was without probable cause and was the product of an illegal search and seizure. Oliver further, alleges that his prosecution and conviction were the unconstitutional result of police perjury. Defendants, which include New York City Police Officer Jared Tepperman and New York City Police Sergeant John Gavan (s/h/a Sergeant Gavin), as well as the City of New York (s/h/a the New York City Police Department), move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b). Among the stated grounds for dismissal, Defendants argue that Oliver's Complaint fails to satisfy the requisite pleading requirements established by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court agrees. For the reasons

below, this Court finds Oliver's complaint fatally defective, and the Defendants' motion is hereby GRANTED. Oliver's claims are therefore DISMISSED in their entirety.

## FACTUAL & PROCEDURAL BACKGROUND[1]

On or about September 28, 2005, Oliver was stopped by Defendants Tepperman and Gavin for riding his bicycle on the sidewalk, a New York City Administrative Code violation. Although unclear from the parties' submissions, it appears that Oliver, who had been on his way to a nearby Chinese restaurant, was permitted to go inside that restaurant, while the Officers remained outside, examining Oliver's identification and running a check for possible outstanding warrants. Upon exiting the restaurant, Oliver was arrested for an allegedly outstanding warrant. At the time of Oliver's arrest, Tepperman and Gavin retrieved a backpack that Oliver had concealed inside the restaurant. A search of that backpack revealed a number of contraband items, including weapons, handcuffs, and a police scanner.

In proceedings before the Supreme Court, Queens County [Indictment No. 2518-2005], transcript excerpts of which are appended to Oliver's opposition papers, it appears that, in fact, Oliver had no outstanding warrants at the time his arrest. Oliver moved to suppress the evidence

---

[1] In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (internal citation omitted).

Here, the facts are drawn from Oliver's Complaint [docket No. 1], including annexed exhibits related to the underlying proceedings in New York Supreme Court, Queens County and his further submissions including docket numbers 33 and 35, which documents this Court shall construe as being in opposition to Defendants' motion to dismiss, but which are improperly styled as an Affidavit of Facts and Plaintiff's Motion for Summary Judgment, respectively. For purposes of the instant Rule 12 motion, the Court has also taken judicial notice of undisputed court records of the New York Supreme Court, Queens County and of the Appellate Division, Second Department relating to Oliver's conviction – documentary evidence of which has been appended to Defendants' motion papers. *See Davis v. Cotov*, 214 F. Supp. 2d 310, 315-16 (E.D.N.Y. 2002) (taking judicial notice of plaintiff's guilty plea); *Rolle v. McCarthy*, No. 02-CV-4398(DRH)(ETB), 2005 WL 5885366, *4 n. 5 (E.D.N.Y. June 21, 2005) (taking judicial notice of conviction New York Supreme Court conviction and pending appeal before the Appellate Division, Second Department); *Verdejo v. North Shore Associates*, No. 08-cv-1950(BMC)(LB), 2009 WL 1137748 (E.D.N.Y. 2009) (taking judicial notice of documents concerning underlying state administrative proceedings annexed to defendant's motion).

seized from his backpack as the product of an illegal search. The trial court granted that application on June 9, 2006. (A copy of the trial court's decision is annexed as an exhibit to Oliver's Complaint.) However, on April 24, 2007, the Appellate Division of the New York State Supreme Court, Second Department, reversed the trial court's order; holding that Oliver was without standing to challenge the backpack search, as it had been deliberately abandoned in order to avoid search. *See People v. Kevin Oliver*, 835 N.Y.S.2d 308, 308-09 (N.Y. App. Div, 2d Dep't 2007). (A copy of the Appellate Division's decision – of which this Court takes judicial notice – is appended to Defendants' motion papers.)

Subsequent to this reversal on appeal, on October 30, 2007, Oliver pled guilty to four charges: criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree, unlawful possession of handcuffs, thumb cuffs or leg irons, and unlawful possession of a radio device. Oliver was sentenced to a one-to-three year imprisonment term as a result of this guilty plea. These facts are uncontroverted, and set forth in Certificate of Disposition, of which this Court takes judicial notice. Pursuant to 42 U.S.C. § 1983, Oliver now brings various claims, alleging, among other things, false arrest and malicious prosecution – all of which challenge the propriety and constitutionality of his arrest and conviction.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), this Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in plaintiff's favor. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006). The plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.2007). The Court, therefore, does not

3

require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Iqbal*, 490 F.3d at 158 ("[W]e believe the Court is not requiring a universal standard of heightened fact pleading...."). Moreover, as plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'" *Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("The policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Oliver's § 1983 claim challenging his 2007 arrest and subsequent conviction is barred by the favorable termination rule first announced in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a section 1983 action seeking money damages is not cognizable if a favorable decision would "necessarily imply the invalidity of [a] conviction or sentence" unless such a sentence has previously been invalidated). In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of *habeas corpus*, 28 U.S.C. § 2254.

512 U.S. at 486–7; *see also Amaker v. Weiner*, 179 F.3d 48 (2d Cir. 1999) (dismissal under *Heck* is without prejudice; if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of *habeas corpus*, the suit may be reinstated). Here, Oliver seeks money damages for police misconduct alleged to have resulted in his false arrest, as well as his unconstitutional prosecution, conviction and imprisonment. To date, however, there is no indication that Oliver has successfully challenged the underlying circumstances of his conviction by the proper assertion of a *habeas corpus* petition or otherwise. Thus, having failed to first obtain the favourable termination of his challenged conviction, the instant civil rights claim is necessarily barred by *Heck*, as such suit would constitute an impermissible collateral attack on the validity of his conviction and sentence. *See Duamutef v. Morris*, 956 F. Supp. 1112 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, First Amendment retaliation, and equal protection for failure to satisfy *Heck*).

Additionally, this Court agrees with Defendants' position that Oliver's claims for false arrest, malicious prosecution, and illegal search and seizure would be conclusively precluded by his guilty plea,[2] as "[i]t is well-established that a defendant who pleads guilty waives any challenge to the constitutionality of his arrest, interrogation, search and prosecution." *Houston v. New York State Troopers*, No. 96 Civ. 1587(DAB), 1997 WL 639256, *2 (S.D.N.Y. Oct. 15, 1997); *see also U.S. v. Arango*, 966 F.2d 64 (2d Cir. 1992); *Berman v. Turecki*, 885 F. Supp. 528, 533 (S.D.N.Y. 1995) ("A guilty plea is not just an admission of unlawful conduct, it is a waiver of all the constitutional rights embodied in the right to a jury trial.") (citing *McCarthy v. United*

---

[2] This does not mean that the legitimacy of a guilty plea cannot be challenged. A conviction, regardless of how obtained, will be set aside if it resulted from fraud, perjury or other corrupt means. Restatement (Second) of Torts § 667(1); *Burton*, 1996 WL 738525 at *2. In this case, however, the issue of probable cause and the validity of such finding was fully litigated, both in the trial court and on appeal to the Appellate Division, and the issue need not be relitigated by a § 1983 claim here. *See Burton*, 1996 WL 738525 at *2; *Berman*, 885 F. Supp. at 533 (noting collateral estoppel doctrine precludes relitigation of issues raised and properly addressed in state court prosecution).

*States*, 394 U.S. 459, 466 (1969) (A guilty plea "disposes of any issue pertaining to the constitutionality of [p]laintiff's arrest, interrogation, search and prosecution.")). Oliver's § 1983 claim is therefore dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

As set forth above, Plaintiff's Complaint is hereby DISMISSED for failure to state a claim on which relief may be granted. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 8, 2010

ROSLYNN R. MAUSKOPF
United States District Judge